UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Anna Markowitz sued her former employer, Defendant United Parcel Service, Inc. ("UPS"). She basically alleges that UPS discriminated against her, didn't accommodate her disability, and instead improperly fired her, in violation of the California Fair Employment and Housing Act ("FEHA"). The parties stipulated to dismiss some of Markowitz's claims. The remaining seven are: (1) disability discrimination under FEHA; (2) failure to accommodate under FEHA; (3) failure to engage in the interactive process under FEHA; (4) wrongful termination under FEHA; (5) wrongful termination in violation of public policy; (6) injunctive relief; and (7) declaratory relief.

Now, UPS has filed a motion for summary judgment ("MSJ") asking the Court to enter judgment against Markowitz and for UPS on all remaining claims.

The Court GRANTS the MSJ. The Court will enter a simple judgment in favor of UPS and against Markowitz.

**1. LEGAL STANDARD**

Summary judgment is appropriate where the record, read in the light most favorable to the non-moving party, shows that "there is no genuine issue as to any material fact and . . . the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If, and only if, the moving party meets its burden, then the non-moving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *Id.* at 322–23. If the non-moving party meets this burden, then the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

**2. BACKGROUND**

The following facts appear to be largely undisputed. Where they were disputed, the Court read the record in the light most favorable to Markowitz.

Markowitz began working for UPS in 2006. For most of the next seven years, she was a part-time package data supervisor at an Anaheim UPS facility. This job included running operation reports, making address corrections, ensuring packages were properly assigned to delivery trucks, moving packages, and communicating with supervisors. Markowitz generally received average reviews. But on April 11, 2013, Markowitz received a review stating that she needed to improve her job performance.

Markowitz believed this poor review was retaliation for sexual harassment complaints she filed at work. Markowitz says at least three male coworkers would say sexual things to her, like "I am king in this castle and you're my concubine, and you're going to wear a sarong and don't take me to HR." One coworker also put his hands around Markowitz's waist several times.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

On April 16, 2013, Markowitz took a leave of absence from UPS because of anxiety, sleep issues, and stress. This leave was categorized as leave available to Markowitz under the Family and Medical Leave Act ("FMLA"). Markowitz exhausted her FMLA leave and returned to work a little less than three months later, on July 8, 2013. She worked at UPS for ten days. During those ten days, Markowitz's job duties were the same, although she started working a different shift. She also received some training. Those ten days weren't issue free. Markowitz had a dispute with at least one coworker. Markowitz was reprimanded for showing up more than two hours late for a shift. Markowitz was reprimanded for wearing flip-flops instead of the appropriate footwear. And Markowitz was reprimanded for timecard issues.

On July 22, 2013, Markowitz took another leave of absence, citing anxiety and depression. This leave was categorized as personal leave. Her doctor, Dr. Sandhya Gudapati, diagnosed her with generalized anxiety disorder, impulse control disorder, and insomnia. Dr. Gudapati placed Markowitz on leave for a little over three months, until October 31, 2013.

This leave period was extended a few more times. On October 29, 2013, Dr. Gudapati extended Markowitz's medical leave by about two months, until January 2, 2014. At some point, Markowitz asked to extend this leave by about three months, to April 3, 2014. On April 17, 2014, Dr. Gudapati extended Markowitz's medical leave by about two and a half months, until July 3, 2014.

On May 20, 2014, Markowitz saw Dr. David Brendel for the first time. She had applied for workers' compensation benefits while on leave and visited Dr. Brendel as part of that process. During that visit, Markowitz complained about weight change, loss of interest in usual activities, sleep disturbance, agitation, fatigue, crying spells, loss of energy, indecisiveness, social withdrawal, loss of appetite, rapid heart beat, abdominal distress, muscle aches, restlessness, dry mouth, feeling on edge, feeling keyed up, concentration problems, irritability, mistrust, headaches, right wrist and shoulder pain, neck pain, back pain, chest pain, and daily stomachaches. Brendel performed testing and diagnosed Markowitz with severe depression and moderate anxiety. He concluded that Markowitz was "totally and temporarily disabled due to work-related psychological stress and strain secondary to work-related physical injuries."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

On May 29, 2014, UPS fired Markowitz. This wasn't directly related to Dr. Brendel's findings, as UPS didn't have access to those medical records at the time. Instead, UPS fired Markowitz after a meeting between UPS managers Jose Banuelos and Morgan Price. Under the UPS benefits plan, UPS would generally keep an employee's position open for up to twelve months while the employee was on leave. At that point, a UPS human resources manager generally reviewed each case to decide whether the position would stay open. Under the plan, an employee had to return to work for thirty days before being entitled to another twelve month period. UPS stated that because Markowitz only worked ten days, she didn't trigger this thirty day clock reset. Accordingly, UPS continued, because she had been absent from work for more than twelve months, Markowitz had been administratively terminated. Markowitz never provided UPS with a release to return to work, either with or without restrictions.

As part of the ongoing workers' compensation proceedings, Markowitz visited Dr. Brendel's office. Between May 20, 2014—the first time Dr. Brendel saw Markowitz—and June 17, 2015, Dr. Brendel didn't personally see Markowitz. Instead, an intern did. Dr. Brendel's office nonetheless submitted regular progress reports after these visits. These reports all continued to state that Markowitz was temporarily and totally disabled and unable to work in any capacity. Dr. Brendel did personally see Markowitz on June 17, 2015. He again concluded that Markowitz was temporarily and totally disabled and unable to work in any capacity.

On August 11, 2014, Markowitz was deposed as part of the workers' compensation proceedings. She testified that she was still struggling with many mental health issues. Among other things, she testified that it would take her forty-five minutes to get out of bed because her brain was in a fog, and that she would spend the majority of each day on the internet. When not on the internet, she would sit in bed and stare at the wall. Markowitz was asked "Is there anything else you are doing during the day if you are not on the internet or sitting in bed?" Markowitz responded "Due to my emotional issues I—there's not much I can do. So to answer your question, there's not much I do." At some point, Markowitz took classes at Cal State Fullerton, but it's unclear how substantial this schooling was, as Markowitz at one point took six semesters off. She also took distance courses online at a junior college. Other than a once-a-week tutoring job that netted her $40 per session, Markowitz hasn't been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

employed since she worked at UPS. She has applied for jobs online, although she can't remember what jobs she applied for. In her deposition in this matter, Markowitz says she'd like to be reinstated at UPS.

The workers' compensation matter overlapped with this lawsuit. On July 16, 2015, Markowitz filed this case. She asserted ten claims, including claims for gender discrimination, sexual harassment, failure to prevent harassment, and retaliation. On December 21, 2015, the California Workers' Compensation Appeals Board approved a compromise and release in the workers' compensation matter. Markowitz received $26,000. On March 21, 2016, the parties stipulated to dismiss the gender discrimination, sexual harassment, failure to prevent harassment, and retaliation claims in this pending case.

3. ANALYSIS

There are a few things the Court needs to resolve before getting into the merits of the MSJ.

    3.1 A Day Late and A Page Long

Markowitz filed her opposition to the MSJ basically a whole day late. Specifically, it was due by 11:59 pm on Monday, June 6, 2016, and she filed it at 9:24 pm on Tuesday, June 7, 2016. In many contexts, one day of lateness may not prejudice the other side much. But in the context of an opposition, the day can matter a lot. In general, parties are only guaranteed five business days to respond to an opposition. Taking away a fifth of that time can be meaningfully prejudicial.

Markowitz also filed an opposition that was too long. Parties cannot file memoranda of points and authorities longer than twenty-five pages without a court's permission. *See* L.R. 11-6. Markowitz filed a twenty-six page memorandum. Discussing that extra page may seem pedantic, but good lawyers often spend significant time after they write a brief carefully reviewing it to see how to shorten it. Markowitz's counsel didn't have to spend that time, or at least didn't have to spend as much of it, and that's a small unfairness to opposing counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

On the basis of these two technical violations, UPS wants the Court to strike the opposition or at least strike the extra page. The Court declines to do so here. Among other things, a motion for summary judgment under Federal Rule of Civil Procedure 56 like the MSJ here "may not be granted solely based on the failure to file an opposition," or presumably, failure to file an opposition on time. L.R. 7-12. Striking an entire opposition over an extra page seems an overreaction in this case. Striking the extra page also isn't appropriate here.

### 3.2 Evidentiary Objections

There are also evidentiary issues. UPS asserts objections to three of Markowitz's exhibits and some other references Markowitz makes in her opposition brief.

The three objected-to exhibits are Markowitz's Exhibits 6, 9, and 10. These exhibits were filed as part of the second volume of Markowitz's compendium of evidence opposing the MSJ. UPS asserts the same objections to all three exhibits: (1) hearsay and (2) lack of authentication. It's not clear why these exhibits aren't party admissions and thus not hearsay. *See* Fed. R. Evid. 801(d)(2).

The objected-to references are characterized as "[r]eferences or statements of harassment and retaliation allegedly experienced by Plaintiff as stated in Plaintiff's Memorandum of Points and Authorities in Opposition to UPS' Motion for Summary Judgment." (Objs., Dkt. No. 15-1 at 3:18–25.) UPS asserts two objections to these references: (1) relevance and (2) undue prejudice and confusion. UPS also makes reference to a stipulation the parties filed earlier dismissing some of Markowitz's claims, but these comments seem to further go to relevance. Objections that evidence is irrelevant, (or argumentative, or an improper legal conclusion) don't typically need to be ruled on in a summary judgment setting like this one, because these types of evidence aren't considered under the summary judgment standard to begin with. *See Burch v. Regents of the Univ. of Cal.*, 1110, 1119 (E.D. Cal. 2006). Put differently, if a court thinks a piece of evidence is irrelevant, the court was never going to consider that evidence in its analysis, regardless of a party's objections or lack thereof. Along the same lines, undue prejudice and confusion is less of a concern when presenting evidence to a court rather than a jury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

For these reasons and others, the Court OVERRULES the evidentiary objections.

### 3.3 Request for Judicial Notice

There's also a request for judicial notice ("RJN"). In it, Markowitz asks the Court to take judicial notice of a 2013 calendar. (*See* Req. for Judicial Not., Dkt. No. 14-4.) "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). UPS has not objected to this request. The 2013 calendar is appropriate for judicial notice, as it is not subject to reasonable dispute.

The Court GRANTS the RJN.

### 3.4 The MSJ

With all of this out of the way, the Court now turns to the merits of the MSJ. There are several remaining claims in this case, and UPS seeks summary judgment on all of them. The Court analyzes each in turn.

### 3.4.1 The Disability Discrimination Claim

Markowitz has asserted a disability discrimination claim under FEHA. To establish a prima facie case, a plaintiff must show three things: (1) the plaintiff suffers from a disability; (2) the plaintiff is otherwise qualified to do the job; and (3) the plaintiff was subjected to an adverse employment action because of her disability. *Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 345 (2008). It's worth noting here that FEHA was modeled in part on the federal Americans with Disabilities Act ("ADA") and when a FEHA provision and an ADA provision are similarly worded, as here, ADA case law can be instructive in interpreting FEHA. *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 375 n.1 (2015).

The MSJ focuses on whether the second element of disability discrimination has been adequately satisfied here. The California Supreme Court has held that "to establish that a defendant employer has discriminated on the basis of disability in violation of the FEHA, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

plaintiff employee bears the burden of proving he or she was able to do the job, with or without reasonable accommodation." *Green v. State*, 42 Cal. 4th 254, 262 (2007). Of course, that burden shifts in the summary judgment context.

UPS argues that Markowitz has been completely unable to do work during all relevant times, without or without accommodations or restrictions. UPS relies heavily on Dr. Gudapati's and Dr. Brendel's assessments that Markowitz was unable to work. UPS also makes a judicial estoppel argument, based on Markowitz's testimony in the workers' compensation matter. UPS essentially states that Markowitz can't have it both ways—being completely disabled for the purposes of the workers' compensation proceeding while being able to work for the purposes of this lawsuit.

Markowitz makes a few arguments in response. First, she argues that Dr. Brendel's workers' compensation testimony can't be used to evaluate Markowitz's ability to work under a FEHA analysis. She also argues that she was willing to work in July 2014, just as her last leave period was ending, but that UPS fired her before that could happen. Markowitz also argues that tutoring once a week, attending school, and volunteering all show that she can work.

Markowitz's assertions that she thinks she could have returned to work just as UPS fired her or at other times are irrelevant, even if accepted. It is Markowitz's actual ability to work, and not her opinion about that ability, that matters. Markowitz may be correct that "an employer cannot slavishly defer to a physician's opinion without first pausing to assess the objective reasonableness of the physician's conclusions." *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 50 n.11 (2006) (internal quotation marks omitted) (quoting *Gillen v. Fallon Ambulance Serv., Inc.*, 283 F.3d 11, 31 (1st Cir. 2002)). But that isn't inconsistent with the proposition that "the employee's belief or opinion that she can do the function is simply irrelevant." *Alexander v. Northland Inn*, 321 F.3d 723, 727 (8th Cir. 2003). It comports with common sense that FEHA can't "require an employer to permit an employee to perform a job function that the employee's physician has forbidden." *Id.*

And here, there is substantial evidence that Markowitz couldn't work. Dr. Gudapati establishes Markowitz couldn't work. Dr. Brendel establishes Markowitz couldn't work. Markowitz's workers' compensation testimony establishes Markowitz couldn't work.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

Markowitz's deposition testimony in this case establishes Markowitz couldn't work. In a powerful piece of advocacy, UPS lays out in its reply brief all of the pieces of evidence along the way where Markowitz and the medical testimony both said she couldn't work.

This ties into UPS's persuasive judicial estoppel argument. Markowitz asserted during her workers' compensation proceedings that she couldn't work, and Dr. Brendel backed that up—indeed, to the tune of $26,000. Testimony or argument that "flatly contradicts both her prior sworn statements and the medical evidence" can't create "a *genuine* dispute of material fact." *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996). There's also something to be said about the inequity of profiting from one position and then switching to another when that new position becomes potentially profitable. Markowitz's position then that she couldn't work and her position now that she could aren't reconcilable. She sought and obtained recovery based on total inability to perform her job. "The evidence of inconsistency in the positions taken in the disability proceeding and the current lawsuit supports [the] application of the judicial estoppel doctrine." *Drainz v. Betz Labs., Inc.*, 69 Cal. App. 4th 950, 959.

The California Court of Appeal's decision in *Drainz v. Betz Laboratories, Inc.* is instructive. *Id.* There, an employee got short-term disability compensation for six months. He then submitted an application for long-term disability benefits. In that application, the employee said that he was unable to perform any of his job-related duties. The employer fired the employee under a company policy that employees could take up to six months of disability leave, and then would be terminated if they were still unable to return to their jobs. The employee then filed a workers' compensation claim. In that claim, the employee said his disability was ongoing and he asked for permanent disability compensation. He received some money through a compromise and settlement. The employee also sued the employer. Among other things, he argued that his employer should have accommodated the employee's disability by giving him a light duty position, since the employer had done so for other employees. The trial court applied the doctrine of judicial estoppel and granted the employer summary judgment. The Court of Appeals affirmed.

Here, Markowitz hasn't even tried to distinguish *Drainz*, despite that case being so relevant to this case. What's more, *Drainz* actually has more plaintiff-friendly facts than this case. There,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

at least, the employee proposed some sort of accommodation. As discussed in the next section, that didn't happen here.

To this day, Markowitz doesn't appear to have presented any medical evidence showing that she can return to work. Her arguments that her attendance of classes and once-a-week tutoring sessions aren't enough to show she could work. If an employee can't be at work, the employee can't be qualified to do the work. *See Byrne v. Avon Prods., Inc.*, 328 F.3d 379, 381 (7th Cir. 2003). Indeed, "[s]potty attendance by itself may show lack of qualification." *Id.*

The Court GRANTS summary judgment on Markowitz's disability discrimination claim.

### 3.4.2 The Failure to Accommodate Claim

This discussion ties into Markowitz's next claim, for failure to accommodate under FEHA. "The . . . elements of a failure to accommodate claim are: (1) the plaintiff has a disability covered by the FEHA; (2) the plaintiff is a qualified individual (i.e., he or she can perform the essential functions of the position); and (3) the employer failed to reasonably accommodate the plaintiff's disability." *Cuiellette v. City of Los Angeles*, 194 Cal. App. 4th 757, 766 (2011) (internal quotation marks omitted) (quoting *Wilson v. Cty. of Orange*, 169 Cal. App. 4th 1185, 1192 (2009)).

The MSJ could be granted on this claim based on the second element, for the reasons already discussed. As the Ninth Circuit held in *Kennedy v. Applause*, when an employee is "totally disabled, [courts] need not consider [the employee's] contention that [the employer] could have accommodated her disability." *See Kennedy*, 90 F.3d 1477, 1482 (9th Cir. 1996).

But the MSJ also focuses on the third element, whether UPS failed to reasonably accommodate Markowitz's disability. UPS argues that it has provided reasonable accommodation in the form of leave, that indefinite leave isn't reasonable, and that Markowitz has never requested any other form of accommodation. Markowitz appears to take issue with the twelve month policy at UPS. She argues that it is per se unreasonable. In essence, Markowitz argues that the policy can't be individualized because it's a general policy,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

and it's not reasonable because it can't be individualized. If Markowitz makes other arguments, they aren't clear.

Again, the Court agrees with UPS. First, it was up to Markowitz to identify a reasonable accommodation. *See Green*, 42 Cal. 4th 254, 260 (2007).

> An employee cannot demand clairvoyance of his employer. The employee can't expect the employer to read his mind and know he secretly wanted a particular accommodation and sue the employer for not providing it. Nor is an employer ordinarily liable for failing to accommodate a disability of which it had no knowledge. It is an employee's responsibility to understand his or her own physical or mental condition well enough to present the employer at the earliest opportunity with a concise list of restrictions which must be met to accommodate the employee.

*King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 443 (2007) (alteration, citations, and internal quotation marks omitted). The only accommodation Markowitz identified is leave.

Employers aren't required to provide indefinite leaves of absence. *See* 2 Cal. Code Regs. 11068(c) (an employer "is not required to provide an indefinite leave of absence as a reasonable accommodation."); *Hanson*, 74 Cal. App. 4th at 226–27 (internal quotation marks omitted) (quoting *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 10 1042, 1047 (6th Cir. 1998)) ("[R]easonable accommodation does not require the employer to wait indefinitely for an employee's medical condition to be corrected."); *see also Myers v. Hose*, 50 F.3d 278, 283 (4th Cir. 1995) ("Nothing in the text of the reasonable accommodation provision requires an employer to wait an indefinite period for an accommodation to achieve its intended effect.").

But both parties agree that "a finite leave can be a reasonable accommodation under FEHA, provided it is likely that at the end of the leave, the employee would be able to perform his or her duties." *Hanson*, 74 Cal. App. 4th at 226. The FMLA guarantees twelve weeks. UPS provided Markowitz more than twelve *months*. How much more did Markowitz want? It's not clear. She cites a few cases where leaves longer that twelve months apparently existed, but seems to conflate the sufficiency of those accommodations in those cases with the necessity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

of those accommodations in this case. At the time Markowitz was terminated, there was no sign that it was any more "likely that at the end of the leave, [she] would be able to perform . . . her duties" than it was when the leave began. *Id.* It's worth repeating that to this day, Markowitz doesn't appear to have presented any medical evidence showing that she can return to work. Further, there was no sign that this was an automatic termination—UPS presents evidence that it considered Markowitz's case on an individualized basis. UPS managers Banuelos and Price met and decided that further leave was unlikely to return Markowitz to work in the near future. For what it's worth, that's a conclusion that in hindsight appears to have held true, as Markowitz hasn't had full-time employment since she was fired. Especially considering Markowitz's failure to request other accommodations, UPS's efforts to accommodate Markowitz were certainly reasonable.

The Court GRANTS summary judgment on Markowitz's failure to accommodate claim.

### 3.4.3 The Failure to Engage in the Interactive Process Claim

That brings up Markowitz's failure to engage claim. FEHA requires an employer to "engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee." Cal. Gov't Code § 12940(n). But the interactive process imposes burdens on both the employer and employee. The employee must initiate the process when the disability, resulting limitations, and necessary reasonable accommodations are not open, obvious, and apparent to the employer. *Scotch v. Art Inst. of California-Orange Cty., Inc.*, 173 Cal. App. 4th 986, 1013 (2009). "The initial burden rests primarily upon the employee to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *Id.* (internal quotation marks and omissions omitted) (quoting *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996)).

A discussion of a failure to engage claim under FEHA in the Northern District of California is helpful here. In *Swonke v. Sprint Inc.*, 327 F. Supp. 2d 1128 (N.D. Cal. 2004), an employee gave his employer a series of doctor notes stating that the employee couldn't work. After a little more than a year of leave, the employer fired the employee. The employee then sued under FEHA for failure to engage, among other things. The court held that because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

employee hadn't been released to work (with or without restrictions or accommodations), the employer didn't need to do anything else to satisfy its obligation to engage in the interactive process. The court granted summary judgment.

Here, Markowitz hasn't even tried to distinguish *Swonke*, despite the apparent relevance of the case. Markowitz's claim for failure to engage in the interactive process fails here for the same reasons the claim failed there. Markowitz was totally disabled from employment, as discussed. "[T]here were no accommodations that could have possibly been consistent with the medical opinion that [she] was totally disabled from any employment. The Court cannot impose upon the employer an obligation to engage in a process that was guaranteed to be futile." *Id.* at 1137.

The Court GRANTS summary judgment on Markowitz's failure to engage claim.

### 3.4.4 The Wrongful Termination, Injunctive Relief, and Declaratory Relief Claims

Markowitz asserts wrongful termination claims under both FEHA and common law. But both these claims depend on the claims already discussed. UPS argues, and Markowitz doesn't appear to dispute, that the FEHA wrongful termination claim is duplicative of the disability discrimination claim the Court already rejected. Similarly, UPS argues, and Markowitz doesn't appear to dispute, that the common law wrongful termination claim relies on the FEHA wrongful termination claim. "[B]ecause [Markowitz's] FEHA claim fails, [her] claim for wrongful termination in violation of public policy fails." *Hanson*, 74 Cal. App. 4th at 229.

The Court GRANTS summary judgment on Markowitz's wrongful termination claims.

Markowitz also asserts claims for injunctive and declaratory relief. UPS argues, and Markowitz doesn't appear to dispute, that injunctive relief isn't an independent cause of action and that Markowitz doesn't have standing to assert the declaratory relief claim. Regardless, both these claims for forms of relief fail since Markowitz's underlying claims fail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

### 3.4.5 The Punitive Damages "Claim"

Finally, Markowitz's claim for punitive damages. Both parties discuss a claim for punitive damages, although the caption of the complaint doesn't reflect this claim. Regardless, this claim for relief also fails since Markowitz's underlying claims fail. UPS's papers may offer further reasons to grant summary judgment on the claim.

The Court GRANTS summary judgment on Markowitz's punitive damages claim.

## 4. EPILOGUE

> Atticus stood up and walked to the end of the porch. When he completed his examination of the wisteria vine he strolled back to me.
>
> "First of all," he said, "if you can learn a simple trick, Scout, you'll get along a lot better with all kinds of folks. You never really understand a person until you consider things from his point of view—"
>
> "Sir?"
>
> "—until you climb into his skin and walk around in it."

Harper Lee, To Kill a Mockingbird 48 (HarperLuxe ed. 1993).

Depression is an important and difficult topic, both in our nation and our legal profession. At times, this order may sound critical. But that criticism is directed at legal arguments, not medical issues. The Court understands the unique issues that mental illness can raise for both the person suffering from it and the people around her—among them, friends, family, and coworkers. The Court must rule against Markowitz here under the applicable law. Nonetheless, the Court hopes for the best as Markowitz addresses her health issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1367 AG (DFMx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | ANNA MARKOWITZ v. UNITED PARCEL SERVICE, INC. | | |

**5. DISPOSITION**

The Court GRANTS the MSJ. The Court will enter a simple judgment in favor of UPS and against Markowitz.

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |